**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN CRONIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case no.** |
| v. | ) | |
| | ) | |
| ROY ZEITLOW, | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, JOHN CRONIN, by and through his attorneys, DEUTSCHMAN & SKAFISH, PC, and complaining of the Defendant, ROY ZEITLOW, states as follows:

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

1.      Plaintiff, JOHN CRONIN, is an individual residing at all relevant times in the Village of Mokena, County of Will, and State of Illinois. Plaintiff is an Illinois citizen.

2.      Defendant, ROY ZEITLOW, is an individual formerly residing in Mokena, Illinois, but currently residing in the Town of South Whitley, County of Whitley, and State of Indiana. Defendant is currently an Indiana citizen.

3.      There is complete diversity of citizenship between the parties, and the amount in controversy, as described below, is in excess of $75,000.

4.      On or about September 18, 2022, Plaintiff was walking lawfully on a public sidewalk at the southwest corner of the intersection of Ashbrook Lane and Heineke Drive, in Mokena, Illinois.

5.      On and before September 18, 2022, Defendant ROY ZEITLOW was the owner, keeper, and harborer of a dog known as Shadow, kept at property owned and maintained by Defendant, located at 12071 Heineke Drive, Mokena, Illinois.

6.      Defendant's dog in question was not confined to Defendant's property by a leash, fence, or other mechanism.

7.      As Plaintiff was walking in the above-identified location, without any provocation, Defendant's dog attacked and bit Plaintiff.

8.      As a result of the unprovoked conduct of the aforesaid dog, Plaintiff has suffered physical and mental pain and suffering, medical expenses, and permanent disfigurement.

## COUNT I - STRICT LIABILITY

1 - 8.      Plaintiff realleges and reaffirms paragraphs 1 through 8 above as paragraphs 1 through 8 herein and incorporates them by reference hereto.

9.      Prior to September 18, 2022, the dog owned and kept by Defendant, ROY ZEITLOW, possessed characteristics, propensities, traits, tendencies, or proclivities that were abnormal to the class of animals to which the dog belonged, and which were dangerous, and foreseeably could cause harm to, human beings in the position of Plaintiff.  Such characteristics consisted of a tendency to attack and bite individuals.

10.      Prior to September 18, 2022, Defendant, ROY ZEITLOW, was aware, or should have been aware, of said dangerous characteristics, propensities, traits, tendencies, or proclivities possessed by his  dog.

2

11.    Plaintiff's injury was the result of the exercise or exhibition of such dangerous characteristics, propensities, traits, tendencies, or proclivities by Defendant ROY ZEITLOW's dog, of which Defendant was aware, or should have been aware.

WHEREFORE, JOHN CRONIN, asks judgment against the Defendant, ROY ZEITLOW, in a fair and reasonable sum exceeding SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS and for such other relief that this Court deems just and proper under the circumstances.

## COUNT II – NEGLIGENCE

1 - 8.    Plaintiff realleges and reaffirms paragraphs 1 through 8 above as paragraphs 1 through 8 herein and incorporates them by reference  hereto.

9.    At all times pertinent hereto, Defendant, ROY ZEITLOW, had a duty to Plaintiff to exercise reasonable care in keeping the dog in question such as to prevent foreseeable injury to Plaintiff resulting from behavior manifesting the propensities common to the class to which the dog in question belongs, or propensities known to Defendant, ROY ZEITLOW, that were idiosyncratic to the particular animal.

10.    Defendant, ROY ZEITLOW, failed to exercise said reasonable care in keeping the dog in question in that Defendant allowed the dog to roam freely into the public space and not contained by a leash, despite knowledge that the dog possessed dangerous propensities and was prone to attacking people and other animals.

11.    As a proximate result of Defendant ROY ZEITLOW's failure to exercise reasonable care on or about September 18, 2022, the dog in question caused injury to plaintiff.

WHEREFORE, JOHN CRONIN, asks judgment against the Defendant, ROY ZEITLOW, in a fair and reasonable sum exceeding SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS and for such other relief that this Court deems just and proper under the circumstances.

## COUNT III - STATUTORY LIABILITY – ANIMAL CONTROL ACT

1 - 8.   Plaintiff realleges and reaffirms paragraphs 1 through 8 above as paragraphs 1 through 8 herein and incorporates them by reference hereto.

9.      This count is brought under and alleges a violation of Illinois Compiled Statutes ch. 510, section 5/16 (the Animal Control Act).   This statute governs the resolution of Plaintiff's claim.

10.     The injury to the Plaintiff was caused by the animal owned or kept by Defendant, ROY ZEITLOW.

11.     Plaintiff did not provoke the dog in question.

12.     Plaintiff was engaged in "peaceable" conduct at the time he was injured by the dog in question.

13.     Plaintiff was lawfully present on a public city street in Mokena, Illinois.

WHEREFORE, JOHN CRONIN, asks judgment against the Defendant, ROY ZEITLOW, in a fair and reasonable sum exceeding SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS and for such other relief that this Court deems just and proper under the circumstances.

Respectfully submitted,


   /s/ Bradley A. Skafish
            Attorney for Plaintiff


4

Bradley A. Skafish
Jeffrey S. Deutschman
**DEUTSCHMAN & SKAFISH, PC**
77 W. Washington Street – Ste. 1525
Chicago, IL  60602
(312) 419-1600
ARDC# 6278462